By the Court.—Sedgwick, Ch. J.
—The liability of all the defendants was made at the trial to turn. upon the verdict of the jury as to whether the defendants Williams and *62 Twiname were liable. They could not be liable unless the evidence showed that they had not replaced the pavement at the place where the accident happened, after they had finished the other work which they had done under their contract with the railroad company. In my opinion, the clear preponderance of evidence in the whole case, was that they had finished the work, replaced the pavement, and were no longer under any responsibility as to anything to be done. For this reason, I think the the motion to dismiss the complaint and also for a new trial should have been granted.
I also am of opinion, that the objection to the question as to a witness’s conversation with a watchman should have been sustained. The question was intended to and did call out testimony that the watchman, on the night of the accident, but before its occurrence, said it was his last night on watch, and he didn’t think it worth while to put lamps out on the holes. It was shown that the watchman was employed by the defendants Williams and Twiname, but such a declaration by their servant was not evidence against them.
The fundamental obligations of the defendants were not much discussed upon the argument of the appeal. The argument that was made requires some attention. It would not, I conceive, be denied by any of the learned counsel, that whoever, a natural person or corporation, is authorized to disturb the surface or bed of a highway, whether by way of privilege or duty, must in doing it use ordinary diligence to prevent accidents to wayfarers from the impaired condition of the road. For instance, to guard against persons or vehicles falling into the hole, if such be the kind of work, fencing must be made or notice given by lights ; or rather, due diligence must be used to give such kind of protection to passers by.
The giving this kind of protection is a thing separate from the doing of the work that disturbs the highway. The obligation to do the work skillfully and not negligently ■ would not involve the obligation to warn passers by of the *63 fact that the work-was going on. They would be injured by falling into an excavation skillfully made as much as if it were negligently made.
Therefore, when the defendant, the company, exercised its right of making the excavation in question, if proof should show that it did make it, independent of that was their obligation to use due diligence in respect to passers by. The fact that the right is exercised by means of a contract made with other persons, does not lessen the obligation referred to. The obligation is imperative so long as the excavation exists; and, therefore, notice.that it is not sufficiently protected is not a condition of legal responsibility ■for injuries from the excavation.
For the reasons that have been given, I am of opinion, that the judgment should be reversed and a new trial ordered'with the costs of the appeal to the appellants, severally, to abide the event, and also that the order denying the motion for a new trial should be reversed with §10 costs to the appellants, severally, to abide the event.
Truax, J., concurred.